UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                                    CASE NO.: 16-25121-BKC-LMI
                                                                                          Chapter 7
**ALBERTO B. FERNANDEZ**
SSN: XXX-XX-3681

_____Debtor._____/

## TRUSTEE'S MOTION TO COMPEL
## TURNOVER OF NON-EXEMPT PROPERTY

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Alberto B Fernandez (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 541 and 542 of the Bankruptcy Code, files this Motion to Compel Debtor to Turnover Non-Exempt Property (the "Motion"), and in support thereof, states as follows:

1. This case commenced with the filing of a voluntary Chapter 7 Petition by the Debtor, Alberto B Fernandez on November 9, 2016. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Debtor's Schedule "B" lists a variety of personal property including, but not limited to, (a) a 2001 Ford Expedition with a scheduled value of $1,069.00 (the "Ford"); (b) a 2009 Dodge Caliber with a scheduled value of $4,128.58 (the "Dodge"); (c) a 2007 Triple Crown Trailer with a scheduled value of $70.00 (the "Trailer"); and (d) various household goods and furnishings more particularly described on the Debtor's Schedule "B" with an aggregate value of $1,915.00 (the "HHG") (collectively, the "Scheduled Property"). In addition, the Debtor may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund"). The Scheduled Property and the Refund shall be collectively referred to as the ("Property").

3. The Debtor claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtor disputes certain aspects of the Trustee's analysis.

6. The Trustee has been attempting to negotiate a global settlement with the Debtor for the valuation and repurchase of their non-exempt interest in the Scheduled Personal Property.

7. The Debtor has been unresponsive to the Trustee's proposal.

8. The Debtor's non-exempt interest in the Property is property of the estate pursuant to 11 U.S.C. §541 and subject to turnover.

9. The Debtor's failure to either: (a) repurchase his non-exempt interest in the Property; or (b) turn over his non-exempt interest in the Property to the Trustee is prejudicing the Trustee's administration of this Estate.

10. Accordingly, the Trustee seeks entry of an order compelling the Debtor to either: (a) immediately enter into a stipulation with the Trustee for the valuation and repurchase his non-exempt interest in the Property; or (b) immediately turn over the non-exempt portion of the Property to the Trustee.

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Alberto B Fernandez, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) directing the Debtor to either: (a) immediately enter into a stipulation with the Trustee for the valuation and repurchase his non-exempt interest in the Property; or (b) immediately turn over the non-exempt portion of the Property to the Trustee; and (3) granting such other and further relief as this Court deems just and proper.

Case No. 16-25121-BKC-LMI

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on May 26, 2017, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to the following:

Alberto B. Fernandez
340 E 51st Street
Hialeah, FL 33013-1521

        Respectfully submitted,

        /s/ Joel L. Tabas
        Joel L. Tabas
        Fla. Bar No. 516902
        Tabas & Soloff, P.A.
        Attorneys for Trustee, Joel L. Tabas
        25 SE 2nd Avenue, Suite 248
        Miami, Florida  33131
        Telephone:    (305) 375-8171
        Facsimile:      (305) 381-7708
        Jtabas@tabassoloff.com